**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Orozco, | No. CV-24-00582-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On October 3, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") recommending this Court affirm the Commissioner of the Social Security Administration's ("SSA") final non-disability decision and dismiss Plaintiff Melissa Orozco's Complaint seeking judicial review. (Doc. 21.) Orozco timely objected to the R&R, and the Commissioner responded. (Docs. 23–24.) For the reasons discussed herein, the Court will overrule Orozco's objections and adopt the R&R.

## I.     Relevant Background

Plaintiff Melissa Orozco applied for social security disability insurance benefits on October 21, 2020, claiming eligibility as of January 2018. (Doc. 12-4 at 2, 5.) She alleged, and was later determined to have, severe impairments of seronegative rheumatoid arthritis, bilateral carpel tunnel syndrome, bilateral knee impairment, obesity, and depression. (Doc. 12-3 at 25.) Her application was denied initially and on reconsideration. (Doc. 12-4 at 20, 34.)

Orozco subsequently requested a hearing before an administrative law judge

("ALJ"). (Doc. 12-3 at 70; Doc. 12-5 at 20.) The hearing occurred on November 30, 2022, at which time vocational expert ("VE") Thomas Sartoris testified that Orozco's past jobs could be categorized as an insurance clerk, data entry clerk, and order picker. (Doc. 12-3 at 79–84.) The ALJ then gave VE Sartoris three hypothetical claimants with varying limitations and asked him if, in his opinion, the hypothetical claimant could either perform Orozco's past jobs or if other jobs existed in the national market that she could perform. (*Id.* at 86–88.) The first hypothetical claimant with physical limitations could "occasionally lift and/or carry 20 pounds, frequently ten pounds," "could only stand and/or walk with normal breaks for a total of two hours out of an eight-hour day," could "[s]it with normal breaks for more than six hours on a sustained basis in an eight-hour day," "could occasionally climb ramps and stairs but never ladders, ropes[,] and scaffolds," "[o]ccasionally balance, stoop, kneel, crouch, but never crawl," and "should avoid concentrated exposure to extreme heat and avoid all exposure to hazardous machinery or unprotected heights." (*Id.* at 85–86.) VE Sartoris testified the first hypothetical claimant could perform Orozco's past work as an insurance clerk and data entry clerk. (*Id.* at 86.)

The second hypothetical claimant had the same physical limitations as the first claimant as well as mental limitations restricting her "to no more than occasional necessary interaction with the public, with coworkers, and with supervisors, and to simple, repetitive tasks . . . ." (*Id.*) VE Sartoris testified the second claimant would be limited to "sedentary work" and he provided three examples of jobs the hypothetical claimant could perform (i.e., document preparer, addresser, and surveillance system monitor) and the numbers of those positions in the national economy. (*Id.* at 86–87.) Finally, the third hypothetical claimant had limitations causing her to miss four workdays a month, who VE Sartoris testified could not "sustain any jobs in the open competitive labor market." (*Id.* at 87–88.)

Thereafter, on February 27, 2023, the ALJ issued a written decision finding Orozco disabled and awarding benefits. (Doc. 12-4 at 38–46.) The ALJ found Orozco had not engaged in substantial gainful activity since January 15, 2018, and she has the residual functional capacity ("RFC") to perform "light work as defined in 20 [C.F.R. §]

404.1567(b)" except she can "stand and/or walk for a total of [two] hours, never climb ladders, ropes[,] or scaffolds or crawl, occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, . . . must avoid concentrated exposure to extreme heat, and avoid even moderate exposure to hazards," and can "perform simple, repetitive tasks with no more than occasional interaction with the public, coworkers, and supervisors."[1] (*Id.* at 38–39.) Based on the VE's testimony, the ALJ then determined the demands of Orozco's past relevant work exceeded her RFC. (*Id.* at 42–43.) The ALJ acknowledged that a "not disabled" finding would have been directed by Medical-Vocational Rule 202.21 if she had had the RFC to perform the full range of light work (also considering her age, education, and work experience). (*Id.* at 43.) However, based on the jobs proposed by VE Sartoris, the ALJ found Orozco did not have the RFC to perform the reasoning level required by a document preparer and surveillance system monitor and rejected those positions. (*Id.*) Further, the ALJ found the job of addresser/sorter does not exist in significant numbers in the national economy. (*Id.*) The ALJ therefore concluded that, "[b]ased on the testimony of the [VE] . . . and considering [Orozco's] age, education, work experience, and [RFC], a finding of 'disabled' is appropriate . . . ." (*Id.*)

Shortly thereafter, however, the SSA's Appeals Counsil reviewed the ALJ's decision and determined it contained errors of law and was not supported by substantial evidence. (*Id.* at 49.) Specifically, the Appeals Counsil found the decision failed to consider all of Orozco's earnings in 2018, 2019, and 2020, and noted the decision improperly relied on the General Education Development ratings when it rejected the VE's proposed occupations of document preparer and surveillance system monitor.[2] (*Id.* at 50–51.) The Appeals Counsil therefore vacated the decision, remanded the matter to the ALJ for further proceedings, and directed the ALJ to "[o]btain additional information about [Orozco's] work and earnings," "[o]btain additional evidence concerning [her] impairments in order

_____

[1] "Light work" is defined as "involve[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds" and involving "some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).
[2] The Appeals Counsil Order indicated the latter was "not a basis for our review." (Doc. 12-4 at 51.)

to complete the administrative record," and "[a]s warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on [her] occupational base." (*Id.* at 49–52.)

Accordingly, the ALJ obtained further records as directed, and on June 3, 2024, the ALJ held a second hearing on Orozco's application. (*See* Doc. 12-3 at 43–49.) At the June 2024 hearing, VE Linda Tolley testified. (*Id.* at 50–67.) The ALJ first provided VE Tolley with Orozco's past relevant work (i.e., insurance clerk, data entry clerk, and order picker) and confirmed the descriptions were "reasonably consistent" with her "review of the file and understanding of [Orozco's] past work." (*Id.* at 59–60.)

The ALJ then described a hypothetical claimant to VE Tolley with the following physical and mental limitations: a claimant who can only "occasionally lift and or carry 20 pounds, frequently ten pounds," "[p]ushing and pulling with her extremities is limited to no more than [those] weights," "can only be on her feet standing or walking with normal breaks for a total of two hours in an eight-hour workday," [s]it for more than six hours on a sustained basis in an eight-hour workday," can "occasionally climb ramps and stairs," "[n]ever ladders, ropes, and scaffolds," [o]ccasionally balance, stoop, kneel, and crouch, but never crawl," "should avoid concentrated exposure to extreme heat and avoid even moderate exposure to hazardous machinery or unprotected heights," and "can sustain no more than simple tasks, with no more than occasional necessary contact with the public, with coworkers, and with supervisors." (*Id.* at 60–61.) VE Tolley testified that a claimant with those limitations would "be limited to essentially sedentary work . . . between an RFC of light and sedentary," and she provided examples of jobs the hypothetical claimant could perform (i.e., retail trade marker, small products assembler, and document preparer) and the numbers of those positions in the national economy.[3] (*Id.* at 61–64.) VE Tolley adjusted the numbers of positions based on "employers that provide a chair or stool for everyone." (*Id.* at 61.)

[3] VE Tolley originally testified the hypothetical claimant could sustain a job as a "cashier," however, she amended her answer by testifying that such a position would require more than occasional contact with the public, and therefore that position would not be appropriate. (Doc. 12-3 at 61–63.)

Because the hypothetical claimant's limitations did not fit precisely into one of the Dictionary of Occupational Titles ("DOT") categories, the ALJ asked VE Tolley to explain her basis for providing the representative jobs. (*Id.* at 62–64.) VE Tolley testified that the examples were based on her experience and her labor market research. (*Id.* at 64.) Orozco's attorney then cross-examined VE Tolley by asking how the hypothetical claimant's work would be impacted if her limitations also required her to take "extra breaks" that caused her to be "off task more than [ten] percent of the work day" or required her to call out "more than once a month." (*Id.* at 64–65.) VE Tolley testified the "off-task amount . . . would be too excessive for competitive work" and the unscheduled absences "even . . . once a month" would be "too excessive." (*Id.* at 65.) Orozco's attorney did not question VE Tolley about the representative occupations, their numbers in the national economy, or the methodology underlying her testimony. (*See id.*)

Following the June 2024 hearing, the ALJ found Orozco was not disabled and denied her application in a June 25, 2024 written decision. (*Id.* at 22–42.) The ALJ determined Orozco has the RFC to perform "light work as defined in 20 [C.F.R. §] 404.1567(b)" with the following exceptions: "she can stand/walk for a total of two hours in an [eight]-hour workday, sit for more than six hours in [an] [eight]-hour workday, occasionally balance, stoop, kneel, and crouch, never crawl, avoid concentrated exposure to extreme heat, and avoid even moderate exposure to hazards such as machinery or unprotected heights," and "can do simple work with no more than occasional necessary contact with the public, co-workers, and supervisors." (*Id.* at 32.) In determining Orozco's RFC, the ALJ considered records obtained after the February 2023 decision, including medical records from her rheumatologist and neurologist. (*See id.* at 32–40, 49; Docs. 41-1–14-2.) The ALJ specifically noted "the medical evidence of record does not show the need for limitation to the sedentary exertion level" and the RFC "accommodates [Orozco's] decreased ability to stand and walk." (Doc. 12-3 at 38.)

At step five, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Orozco] can perform" considering her RFC, age, education, and

work experience. (*Id.* at 41.) In making this determination, the ALJ relied on VE Tolley's testimony that Orozco would be able to perform the jobs provided at the light exertion level with the use of a chair or stool. (*Id.* at 41–42.) Accordingly, the ALJ found Orozco was not disabled under the Social Security Act. (*Id.* at 42.)

Thereafter, the Appeals Council denied review, and Orozco filed the present action challenging the ALJ's final non-disability decision. (*Id.* at 2; Doc. 1.)

## II.     Legal Standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court considers de novo only objections which are specific. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the Court reviews de novo those portions of the R&R to which specific objection is made); Fed. R. Civ. P. 72(b)(2) (requiring objections be "specific [and] written"). Unobjected portions of an R&R are reviewed for clear error. *See Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. § 636(b)(1)(C).

An ALJ's decision to deny disability benefits should only be overturned "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)); *see also* 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (discussing "substantial evidence" as a "term of art" that is "used throughout administrative law to describe how courts are to review agency factfinding"). The agency's factual findings, such as "the kind and number of jobs available for someone with the applicant's disability and other characteristics" "are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Id.* at 99 (quoting § 405(g)).

### III.    Discussion

The R&R recommends dismissing Orozco's Complaint and affirming the non-disability decision finding the ALJ did not err in (1) assessing the VE's testimony, (2) weighing the medical opinions, or (3) evaluating Orozco's symptom testimony. (Doc. 21 at 3–15.) In her objections, Orozco challenges only the first basis for dismissal: the VE's testimony.[4] (Doc. 23.)

> **a. VE Sartoris' testimony was not supported by the record nor material to the RFC determination.**

Orozco asserts the ALJ erred in determining her RFC by not justifying his reliance on VE Tolley's June 2024 testimony instead of VE Sartoris' November 2022 testimony. (*Id.* at 2–3.) She contends that if the ALJ had relied on VE Sartoris' characterization of the hypothetical claimant as being limited to "sedentary work," she would have been disabled under Medical-Vocational Rule 201.12 because she turned 50 years old after the first hearing but before the second. (*Id.*) Orozco explains that the "contradiction" in the VE testimonies does "not lie in the specific jobs they identified, nor even in the number of jobs they found" but "[r]ather . . . in the definition of the RFC as either 'sedentary' or '*essentially* sedentary.'" (*Id.* at 3.) She further argues that because VE Tolley testified that the hypothetical claimant was unable to perform "substantially all" the activities in the "light work" category, the Medical-Vocational Rules do not apply.[5] (*Id.*)

Orozco's objection lacks merit because it does not accurately reflect the ALJ and VE's roles. At a hearing before an ALJ, it is the ALJ's responsibility to determine the claimant's RFC. *See* 20 C.F.R. § 404.1546(c). A claimant's RFC is the most the claimant can do despite her limitations and is based on "all relevant evidence in . . . [the] case

---

[4] Orozco states that "although [she] does not concede that the ALJ's findings with respect to opinion evidence and symptom testimony are supported by substantial evidence," she "expresses no specific objection" to those findings. (Doc. 23 at 4.) Because Orozco does not make specific objection to these portions of the R&R, the Court reviews them for clear error. *See Reyna-Tapia*, 328 F.3d at 1121; Fed. R. Civ. P. 72(b)(2).

[5] Orozco also objects to the R&R's alternative finding that any error the ALJ committed in failing to consider VE Sartoris' testimony was harmless. (Doc. 23 at 3–4.) Because the Court finds the ALJ did not err in considering the VE testimony, Orozco's objection is overruled.

record." *Id.* § 404.1545(a)(1). Relevant evidence includes "medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996)). The RFC determination occurs in the sequential process after step three but before step four. § 404.1520(a)(4). By contrast, at steps four and five, the ALJ may then rely on VE testimony to determine a claimant's past work and examples of jobs the claimant could perform and the number of those positions in the economy. *See* § 404.1520(a)(4)(iv)–(v); *Conway v. O'Malley*, 96 F.4th 1275, 1278 (9th Cir. 2024) (holding at step five, an "ALJ may rely on a [VE's] testimony to find that there are jobs that the claimant can perform and that there are enough of those jobs in the national economy" (citing *Leach v. Kijakazi*, 70 F.4th 1251, 1254 (9th Cir. 2023))); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988) (VE testimony "typically includes one or more hypothetical questions" where "[t]he ALJ asks the expert whether, given certain assumptions about the claimant's capabilities, the claimant can perform certain types of jobs, and the extent to which such jobs exist in the national economy.").

Here, after step three, the ALJ permissibly determined Orozco had the RFC to perform "light work" with additional exertional and non-exertional limitations by considering Orozco's medical record evidence, medical opinion evidence, and symptom testimony. (*See* Doc. 12-3 at 32–40.) Orozco incorrectly asserts the ALJ erred by not discussing VE Sartoris' November 2022 testimony as a basis for the RFC determination. (Doc. 23 at 2–3.) While an ALJ has a duty to resolve any inconsistency in record evidence, *see Buck v. Berryhill*, 869 F.3d 1040, 1051–52 (9th Cir. 2017) (collecting cases), "[t]hat duty arises only where the purportedly inconsistent evidence is both significant and probative, as opposed to "meritless or immaterial." *Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023) (quoting *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193–94 (9th Cir. 2022)). Importantly, the Appeals Council vacated the ALJ's original decision and specifically instructed the ALJ to "[o]btain additional evidence concerning [Orozco's]

impairments in order to complete the administrative record," and "[a]s warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on [her] occupational base." (Doc. 12-4 at 49–52.) On remand, the ALJ's original findings "no longer existed," *see Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007), and the ALJ appropriately obtained further medical records and VE testimony, (*see* Doc. 12-3 at 32–40, 49; Docs. 41-1–14-2). As such, VE Sartoris' outdated testimony was no longer supported by the record and was neither probative nor material to the RFC determination. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (VE testimony "is valuable only to the extent that it is supported by medical evidence."). The ALJ therefore did not err by not considering VE Sartoris' testimony, and no material conflict exists.

### b. The ALJ permissibly relied on VE Tolley's testimony.

To the extent Orozco challenges the ALJ's reliance on VE Tolley's testimony, the Court "must determine whether the ALJ's hypothetical [to the VE] accurately described all of the claimant's limitations." *Conway*, 96 F.4th at 1279 (citing *Leach*, 70 F.4th at 1255). "An ALJ does not need to use 'identical wording' when describing a claimant's limitations to the [VE], 'so long as the limitations are not materially altered.'" *Id.* (quoting *Leach*, 70 F.4th at 1258). The VE's testimony "is only valuable to the extent that the question accurately portrays the claimant's individual physical and mental impairments." *Burkhart*, 856 F.2d at 1340 n.3. However, "in hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins*, 466 F.3d at 886; *Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023) (finding "an ALJ 'is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.'" (quoting *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006))).

Here, the hypothetical claimant the ALJ posited to VE Tolley accurately reflected Orozco's physical and mental limitations. (*See* Doc. 12-3 at 32–40, 60–64.) Further, as Orozco contends, because the ALJ found she could not perform substantially all the range of "light work," her RFC did not fit into the Medical-Vocational Guidelines ("grids"), and

the ALJ was required to support a step-five non-disability finding with VE testimony. *See Burkhart*, 856 F.2d at 1340 (the SSA can satisfy its burden "to show the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience" by "either (1) applying the [grids] in appropriate circumstances or (2) taking the testimony of a [VE].")"; 20 C.F.R. §§ 404.1512, 404.1560(c) (to find a claimant disabled at step five, the SSA must provide evidence that demonstrates that other work exists in significant numbers in the national economy). The ALJ appropriately asked VE Tolley to explain her basis for providing the representative jobs, which she testified were based on her experience and her labor market research. *See Massachi*, 486 F.3d at 1153; (Doc. 12-3 at 62–64.) Relying on VE Tolley's testimony that the hypothetical claimant could perform jobs with sufficient numbers in the national economy (i.e., retail trade marker and small products assembler), the ALJ found the SSA satisfied its step-five burden. (Doc. 12-3 at 41–42, 61–64).

While Orozco, through counsel, had the opportunity to cross-examine VE Tolley, she did not challenge VE Tolley's expertise, the sufficiency of the occupations she provided or their numbers in the economy, or the methodology underlying her testimony.[6] (*Id.* at 59.) As such, VE Tolley's testimony was uncontradicted and sufficient to support the non-disability finding. *See White*, 44 F.4th at 835 ("[W]e have characterized uncontradicted VE job-numbers testimony as 'inherently reliable' and 'ordinarily sufficient by itself to support an ALJ's step-five finding.'") (citations omitted)). The ALJ's reliance on VE Tolley's testimony was therefore supported by substantial evidence, and Orozco's objections are overruled.

### IV.    Conclusion

The Court has reviewed the Magistrate Judge's R&R (Doc. 21), Orozco's objections

---

[6] The Court notes because Orozco failed to object to the testimony in the hearing or on appeal, she forfeited such a challenge. *See White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022) ("Social security disability claimants must raise challenges to the accuracy of a VE's job-number estimates 'at some point during administrative proceedings to preserve the challenge on appeal in federal district court.'" (quoting *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017))); *see also Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that a claimant's failure to raise an issue "at both her hearing before the ALJ and the Appeals Council" constitutes forfeiture).

(Doc. 23), the Commissioner's response (Doc. 24), the parties' briefs (Docs. 1, 15, 19–20), and the record (Docs. 12–14). Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court adopts the R&R with the above reasoning.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED WITH THE ABOVE REASONING**. (Doc. 21.)

**IT IS FURTHER ORDERED** that the Commissioner of Social Security Administration's final non-disability decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff Melissa Orozco's Complaint is **DISMISSED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket accordingly and close this case.

Dated this 17th day of March, 2026.

Honorable Angela M. Martinez
United States District Judge